IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 6:12-00135

RANDALL K. TAYLOR

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Randall K. Taylor's Motion for Compassionate Release (ECF No. 84), which the Government opposes (ECF No. 87). For the reasons below, the Court **DENIES** this Motion. ECF No. 84.

## BACKGROUND

On February 4, 2013, Mr. Taylor was convicted in this Court of failing to register as a sex offender in violation of 18 U.S.C. § 2250. Judgment Order at 1, ECF No. 24. He was sentenced to eighteen months of imprisonment followed by fifteen years of supervised release. *Id.* at 2-3. He began his term of supervised release on September 4, 2013. Pet. for Warrant or Summons for Offender Under Supervision, ECF No. 44. Following several violations of his supervised release terms, Mr. Taylor's supervised release was revoked on July 18, 2019, and he was sentenced to time served and sixty months of supervised release. ECF No. 64. Three years later, Mr. Taylor's supervised release was revoked yet again—on November 15, 2022, he was sentenced to twenty-one months of imprisonment followed by forty-eight months of supervised release. ECF No. 81. Mr. Taylor is currently housed in FCI Ashland and has a projected release date of May 4, 2024. Def.'s Mot. for Compassionate Release at 2, ECF No. 84

In the instant Motion, Mr. Taylor asks the Court to reduce his term of imprisonment to time served. *Id.* at 1. He argues that his medical conditions—which include anxiety, depression, seizure disorder, hypertension, atherosclerosis, chronic obstructive pulmonary disease (COPD), and asthma—constitute extraordinary and compelling reasons warranting compassionate release. *Id.* at 5. In particular, Mr. Taylor points to 1) the increased amount of walking he is required to do at the BOP facility, and 2) that he is going through inhalers at a faster rate than he can obtain refills. *Id.* He further contends that the 18 U.S.C. § 3553(a) sentencing factors support his release, as he is a low threat for recidivism and has already served seven months of his twenty-one-month sentence. *Id.* at 6-7.

The Government responds that Mr. Taylor's medical conditions fall short of an "extraordinary and compelling reason," as they are being adequately managed by the Bureau of Prisons (BOP), are not terminal, and do not diminish Mr. Taylor's ability to provide self-care. Resp. of the United Stated to Def.'s Mot. for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) at 1, ECF No. 87. Moreover, the Government contends that reducing Mr. Taylor's sentence would not comport with the 18 U.S.C. § 3553(a) sentencing factors given his repeated violations of supervised release, the need for deterrence and to protect the public, and to adequately reflect the seriousness of the offense. *Id.* at 10-11.

## LEGAL STANDARD

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582 to enable courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. But before defendants may request such a reduction, defendants must ask the BOP to do so on their behalf.

*See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*.

Once an inmate had satisfied the administrative exhaustion requirement, a court may reduce the inmate's sentence if (1) there are "extraordinary and compelling reasons" for release, and (2) the court considers "the factors set forth in section 3553(a) to the extent that they are applicable." *See* 18 U.S.C. § 3582(c). Section 3482(c)(1) also requires a sentence reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." However, the Fourth Circuit recently clarified that there are no existing applicable policy statements governing compassionate release motions under the recent amendments to § 3482(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020). District courts, therefore, are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284 (citing *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)). Because Mr. Taylor has properly exhausted his administrative remedies, the Court turns to the merits of Defendant's Motion. Ex. B, Def.'s Mot. for Compassionate Release, ECF No. 84-2.

## ANALYSIS

Compassionate release is not warranted—Mr. Taylor's medical conditions do not rise to the level of "extraordinary and compelling," and the sentencing factors do not support reducing his sentence. Sentencing guidelines provide that medical conditions constitute an "extraordinary and compelling" circumstance if the defendant is suffering from a terminal illness, "i.e., a serious and advanced illness with an end of life trajectory." United States Sentencing Commission, *Guidelines Manual*, §1B1.13 cmt. 1(A)(i) (2021) (U.S.S.G.). Examples of terminal illnesses include "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ

disease, and advanced dementia." *Id.* Additionally, a circumstance can be "extraordinary and compelling" if the defendant is:

    I.   suffering from a serious physical or medical condition,
    II.  suffering from a serious functional or cognitive impairment, or
    III. experiencing deteriorating physical or mental health because of the aging process,

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 cmt. 1(A)(ii).

While the Court is sympathetic to Mr. Taylor's medical conditions, he has not shown that he is suffering from a terminal illness or that his medical conditions render him unable to provide self-care. Nor has Mr. Taylor provided any evidence that the BOP cannot adequately treat his conditions. His medical records suggest just the opposite—during the instant term of incarceration, Mr. Taylor has been seen and treated by medical professionals on multiple occasions. Ex. 3, ECF No. 90. On at least two of these occasions, he has even received treatment regarding his inhaler. *Id.* at 4, 7. Mr. Taylor has therefore failed to show that there is an extraordinary and compelling reason to reduce his sentence.

Even if this were not the case, compassionate release would not be appropriate, as release would undermine the sentencing factors set forth in 18 U.S.C. § 3553(a). To date, Defendant has served approximately half of his full term, an amount of time insufficient to reflect the seriousness of his offense. Moreover, Mr. Taylor's argument that he presents a low threat for recidivism is without merit. Def.'s Mot. for Compassionate Release at 6-7, ECF No. 84. The Court is concerned by Mr. Taylor's repeated violations of his supervised release terms, all of which signal a lack of respect of the judicial system. Namely, on top of possessing a firearm, Mr. Taylor failed to adequately communicate with the probation office regarding his release from state prison and a

subsequent encounter with law enforcement. *See* ECF Nos. 67, 76. Given that the first revocation—in which the Court sentenced Mr. Taylor to time served and an additional period of supervised release—was ineffective, the Court does not see what purpose reducing the instant sentence would accomplish. Rather, doing so would subvert the need for deterrence and would not adequately reflect the seriousness of the offense.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Taylor's Motion for Compassionate Release. ECF No. 84.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: August 4, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE